UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SARVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 23-10052-LTS |
| | ) | |
| SHANNON CASEY et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 4)

July 17, 2023

SOROKIN, J.

The following facts are drawn from the First Amended Complaint. Doc. No. 1-1.[1] The Court accepts them as true for purposes of the present motion to dismiss only.

Robert Sarvis owns a home on Nantucket that he rents out via HomeAway.com. Id. ¶ 7. On January 2, 2020, Shannon Casey reserved this home from August 20-23 of the same year. Id. ¶ 10. Under the terms of the HomeAway cancellation policy and Sarvis's rental agreement, no refunds were available in the event of a cancellation. Id. ¶ 8. Casey charged the $3,456.00 fee (which included the $2,705.14 rental fee plus some additional charges) to her Capital One, VISA credit card at the time she booked the rental. Id. ¶ 10. Casey never cancelled the rental and did not appear at the time of the rental. Id. ¶¶ 12-14. On October 20, 2020, she challenged the rental charge in a claim with Capital One. Id. ¶ 15. Capital One issued a chargeback, and HomeAway charged Sarvis for the returned rental fee. Id. ¶ 19. HomeAway, on behalf of Sarvis, contested

---

[1] Citations to "Doc. No. __ at __" reference items appearing in the court's electronic docketing system ("ECF"), and pin cites are to the page numbers in the ECF header.

the chargeback imposed by Capital One. Id. ¶ 21. Capital One sustained Casey's challenge. Id. ¶ 22. Thus, the chargeback stood.

Representing himself, Sarvis sued Casey in state court for the $2,705.14 rental fee as well as a few related charges. Doc. No. 1-1 at 9.[2] On November 9, 2022, he amended the complaint to add Capital One and VISA as defendants. Doc. No. 1-1 at 1. On January 9, 2023, Capital One removed this case on the basis of the federal question jurisdiction arising from Count VI, the one federal claim pled in the amended complaint.[3] Doc. No. 1 at 1.[4]

Count VI alleges a violation of 15 U.S.C. § 1666 (2011).[5] Specifically, Sarvis claims that § 1666(a) "required Casey to file her written statement professing a 'billing error' within sixty (60) days of her charge on January 2, [2020]." Doc. No. 1-1 ¶ 55.[6] Sarvis further alleges that Casey never filed a written statement claiming a billing error as defined in the statute, that she did not file her claim within sixty days of the initial January charge,[7] and that neither Capital

---

[2] Although proceeding pro se, Sarvis is no stranger to this Court having litigated at least two matters here before. Sarvis v. Polyvore, Inc., No. 1:12-CV-12233-LTS, 2015 WL 6182226 (D. Mass. Sept. 14, 2015); Complaint, Sarvis v. Wells Fargo Bank, N.A., 1:09-CV-12126-DPW (D. Mass. Dec. 16, 2009), ECF No. 1-2. Nonetheless, the Court applies the more generous standard applicable to review of pleadings by self-represented parties. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).
[3] There is no basis for diversity jurisdiction as the amount in controversy is too small to reach the jurisdictional threshold.
[4] As explained in a prior order, removal of this case was both timely and proper. Doc. No. 13.
[5] Section 1666, also called the Federal Credit Billing Act ("FCBA"), adds a number of provisions to the Truth in Lending Act ("TILA"). See Am. Exp. Co. v. Koerner, 452 U.S. 233, 234 (1981). Both statutes are part of the larger Consumer Credit Protection Act, 15 U.S.C. §§ 1601-1693r. Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 886-87 (9th Cir. 2011).
[6] The Court assumes the date "January 2, 2029" listed in the complaint is a typo and substitutes the date of Casey's charge as alleged earlier in the complaint.
[7] In paragraph fifty-eight of the complaint, Sarvis states that Casey "did" file her claim within sixty days. Doc. No 1-1 ¶ 58. The Court assumes that Sarvis intended to write that Casey "did not" file her claim within sixty days.

One nor VISA should have initiated or sustained a chargeback to HomeAway. Id. ¶¶ 55-60. Capital One moves to dismiss, and Sarvis opposes.[8] The Motion to Dismiss is ALLOWED.

The amended complaint fails to plausibly allege a violation of § 1666. To state a cause of action under TILA for a violation of § 1666, a plaintiff must allege a violation of the procedural requirements set forth in that section. See Stafford v. Cross County Bank, 262 F. Supp. 2d 776, 789 (W.D. Ky. 2003). In Count VI, Sarvis attempts to allege several violations of § 1666. Doc. No. 1-1 ¶ 55. He says that Casey's notice was filed after the sixty-day mark. Id. ¶ 58. Accepting that is so as a factual matter, for present purposes only, § 1666 does not prevent a creditor (here, Capital One) from considering billing complaints filed <u>after</u> sixty days. Rather, the statute requires a creditor to accept and resolve all complaints filed <u>within</u> sixty days. In short, it establishes a floor below which creditors may not go (i.e. creditors must consider all claims of a billing error filed within sixty days), rather than a ceiling cutting off an obligor's opportunity to challenge a bill after the sixty-day mark. Though Sarvis, HomeAway, or Capital One could, in their various contracts, agree to consider (or not) complaints filed after sixty days, adherence to such agreements raises issues of contract law and gives rise, at most, to a state-law contract claim. Sarvis's allegation that Capital One considered a billing error claim made by Casey after the sixty-day mark does not state a claim against Capital One or VISA for a violation of § 1666.

Next, Sarvis states that Capital One violated the TILA because Casey "never filed a written statement professing any 'billing error' as defined by 15 U.S.C. § 1666." Doc. No 1-1 ¶ 56. If Sarvis's argument is taken to mean that Casey either did not file a written complaint at all or failed to profess a "billing error," his argument fails as he has not advanced any factual information to suggest that Casey's complaint did not meet these requirements. See Barisov v.

---

[8] VISA has joined the Motion to Dismiss. Doc. No. 9.

Alamo Rent a Car, 796 F. App'x 949, 950 (9th Cir. 2020) (mem.) (affirming dismissal of FCBA claim where plaintiff "failed to allege facts sufficient to demonstrate that the . . . defendants did not comply with the FCBA's procedural requirements").[9] Regardless, § 1666 does not preclude a creditor from issuing a chargeback in the absence of a written statement professing a billing error. Written notice simply triggers a creditor's obligations. See 15 U.S.C. § 1666(a). The statute does not prohibit a creditor from entertaining other forms of complaints. Lastly, if Sarvis's argument is read as saying that Casey's complaint could not have arisen from a "billing error" because she was subject to the "no refunds" policy in her rental agreement, that argument is meritless for reasons that follow.

Sarvis contends that "Capital One and VISA knew or should have known the Rental Agreement . . . was a valid and enforceable contract under Massachusetts law and should have upheld the HomeAway/Sarvis objection to the Casey chargeback." Doc. No. 1-1 ¶ 59. This argument fails as a matter of law. Section 1666 establishes procedural, not substantive, requirements. See Burnstein v. Saks Fifth Ave. & Co., 208 F. Supp. 2d 765, 775 (E.D. Mich. 2002), aff'd sub nom. Conn-Burnstein v. Saks Fifth Ave. & Co., 85 F. App'x 430 (6th Cir. 2003) ("[The FCBA] establishes only the procedural framework for dispute resolution, and does not concern itself with the substantive outcome of this process."); Hurckes v. JPMorgan Chase Bank, N.A., No. 22-CV-4616-JMF, 2023 WL 2664080, at *2 (S.D.N.Y. Mar. 28, 2023) (holding that FCBA claim fails as matter of law where plaintiff contests substantive outcome and not creditor's compliance with procedural requirements). That Capital One invoked its process and considered and resolved Casey's complaint, even though the statute did not obligate it to do so, simply is not a violation of the statute.

---

[9] In fact, Sarvis alleges that Casey did file a claim with Capital One. Doc. No. 1-1 ¶ 58.

Sarvis contends that § 1640, the civil liability section of the overarching statutory scheme of which § 1666 is a part, confers upon him the right to sue Capital One for wrongfully issuing the chargeback. Doc. No. 17 at 13-14. He argues that, per the plain text of the statute, § 1640 applies as between "any person" and "any creditor," and not only a consumer and her own creditor. Id.; see 15 U.S.C. § 1640(a). The Court need not resolve whether these terms mean what Sarvis contends, for he fails to state a claim under § 1640 in any event. The plain text of that statute conditions liability on a failure to "to comply with any requirement imposed under this part." 15 U.S.C. § 1640(a). Section 1666 falls within the words "this part," but Sarvis fails to identify a "requirement" of § 1666 that Capital One disregarded. Nowhere does § 1666 establish a substantive standard for deciding a request by an obligor (here, Casey) for a chargeback. Further, Capital One has not violated any "requirements" of § 1666 as the statute does not establish limits on or other conditions limiting consideration of challenges raised by obligors. Thus, Sarvis has failed to plausibly state a claim under the FCBA. Of course, Sarvis always has his breach of contract claim against Casey to obtain the benefit of his bargain.

The Court also dismisses Count VII, which alleges a violation of Mass. Gen. Laws ch. 93A ("Chapter 93A"). Doc. No. 1-1 ¶¶ 62-68. The Amended Complaint fails to plausibly allege any facts supporting unfair or deceptive acts. At most, Sarvis has alleged that Capital One breached an implied condition of its contract with VISA (to which he was not a party) by allowing a chargeback it should not have allowed. But, of course, breaches of contract "without more" do not support liability under Chapter 93A. Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc., 754 F.2d 10, 18 (1st Cir. 1985); see also Skyview Fin. Co., LLC v. Kearsarge Trading, LLC, 616 F. Supp. 3d 152, 157 (D. Mass. 2022). The Court has dismissed the alleged violation

of § 1666, thus, this also cannot support a Chapter 93A claim. See Doc. No. 1-1 ¶ 65. Because Count VII points to no other basis for such a claim, it is dismissed.

In light of the Court's rulings, only one claim remains against either Capital One or VISA—Count V, alleging breach of contract. "To bring a claim for breach of contract, a litigant must be a party to or an intended beneficiary of the contract." Dill v. Am. Home Mortg. Servicing, Inc., 935 F. Supp. 2d 299, 302 (D. Mass. 2013). Sarvis is not a party to a contract with either Capital One or VISA. In his briefing, Sarvis contends he is an intended third-party beneficiary of these contracts. Doc. No. 17 at 9. Even if the Court were to accept this proposition as true, the Amended Complaint still fails to state a claim against Capital One or VISA, for Sarvis has not identified a single provision of the relevant contracts that Capital One or VISA arguably violated by issuing the chargeback. Thus, the Court dismisses Count V as well.

For the foregoing reasons, the Motion to Dismiss (Doc. No. 4) is ALLOWED as to Counts V, VI, and VII. All that remains of the Amended Complaint are the state law claims against Casey who, as far as the record reveals, Sarvis has not served. This Court declines to exercise supplemental jurisdiction over Sarvis's remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3), given its early dismissal of the sole federal claim.[10] The case is therefore REMANDED to state court.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[10] "In determining whether to retain jurisdiction . . . the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 48 (1st Cir. 2012) (citation omitted). "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (citation omitted).